NOT DESIGNATED FOR PUBLICATION

No. 122,557

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RYAN M. BERKSTRESSER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed December 23, 2021. Reversed and remanded with directions.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: Ryan M. Berkstresser timely appeals from his conviction and sentence for felony fleeing or attempting to elude a police officer. Berkstresser claims the district court committed clear error by not instructing the jury on the lesser included charge of misdemeanor fleeing or attempting to elude a police officer. Upon review of the record, we agree with Berkstresser, finding the lesser included crime was both factually and legally appropriate. We reverse and remand for a new trial.

FACTS

In February 2018, Haysville Police Sergeant Randy Nowak was on patrol when he noticed a 1997 white Mitsubishi 3000 GT following too closely to an SUV. Nowak checked the vehicle's tag, which came back to a Ford Econoline van. Nowak activated the overhead emergency lights and siren on his patrol vehicle to stop the Mitsubishi, but the driver, Berkstresser, accelerated the vehicle rather than pulling over.

The State charged Berkstresser with: (1) Fleeing or attempting to elude a police officer by committing five or more moving violations in violation of K.S.A. 2017 Supp. 8-1568(b)(1)(E), a severity level 9 person felony; (2) in the alternative, fleeing or attempting to elude a police officer by engaging in reckless driving in violation of K.S.A. 2017 Supp. 8-1568(b)(1)(C), a severity level 9 person felony; (3) possession of marijuana in violation of K.S.A. 2017 Supp. 21-5706(b)(3), a class B nonperson misdemeanor; (4) driving with a suspended or canceled license in violation of K.S.A. 2017 Supp. 8-262(a)(1), a class B nonperson misdemeanor; and (5) no proof of insurance in violation of K.S.A. 2017 Supp. 40-3104(c), a class B misdemeanor.

Berkstresser pled not guilty and proceeded to jury trial. Before trial began, the State dismissed count 3—possession of marijuana. The State called two witnesses, Nowak and Haysville Police Officer Malcolm Young.

*Nowak's trial testimony*

Nowak testified he had undergone training during his 19 years as a Haysville police officer on how to enforce traffic laws. Nowak was on patrol on the date of the incident and first noticed a white Mitsubishi 3000 GT traveling westbound on 71st Street in Haysville. Nowak conducted a routine check on the vehicle but had a problem running the tag as the description came back to a Ford van, which did not match the Mitsubishi.

Nowak initiated a traffic stop by turning on the lights and sirens on his patrol vehicle to pull over the Mitsubishi based on the incorrect tag information and for following another vehicle too closely. The driver, however, accelerated rather than pulling over.

The Mitsubishi reached a speed of 72 miles per hour in a clearly designated 50 miles per hour zone. The driver of the Mitsubishi turned onto a county road going 65 miles per hour. Nowak testified the road did not have a speed limit sign but was a county road, which he assumed had a 45 miles per hour speed limit. The vehicle approached a stop sign, completely stopped, initiated the right turn signal, and turned onto Seneca Street. Nowak explained the turn signal came on less than 100 feet before the turn, which was a traffic violation.

The Mitsubishi made another right turn into a residential driveway, drove through the front yard, through the neighboring front yard to the right, drove on the neighboring property's driveway, and turned right onto Seneca Street without yielding to go back on the roadway. Nowak testified a man was standing outside in his yard when the Mitsubishi drove through the residential yards.

When the vehicle turned back onto Seneca Street, it swerved to the right side of the road toward a ditch and then swerved to the left side, crossing the center line into the southbound traffic lane before proceeding back into the proper lane of traffic. Berkstresser then made a right turn into another driveway on South Seneca Street without using his turn signal. Berkstresser exited the vehicle and began running. Nowak initiated pursuit and, after warning Berkstresser to stop, released his police K-9 who tackled Berkstresser. The police apprehended Berkstresser, and Nowak determined Berkstresser's license was suspended while Young investigated Berkstresser's insurance status.

Nowak testified he was concerned for his safety during the pursuit. He explained a lot of accidents occur when drivers exit gas stations, grocery stores, or driveways and

3

cross traffic. Nowak explained drivers are required to "yield or stop" coming out of a private driveway and driving over the white line or going over the center line are moving violations. Nowak also testified his patrol vehicle had regular Haysville Police Department decals and his radar equipment and system were checked and properly working on the day of the incident.

On cross-examination, Nowak admitted there was not a lot of traffic on the county roads and, although one of the roads usually has traffic, it did not on the morning of the chase. In fact, when Berkstresser pulled onto Seneca from the private driveway, there was no traffic coming from either direction. Nowak conceded Berkstresser did some things correctly but testified Berkstresser committed more than five moving violations.

*Young's trial testimony*

Young testified that, while on duty, he assisted Nowak on the call. Young arrived in the area to deploy spikes, but when Berkstresser stopped they were not required. Young then assisted Nowak, who had arrested Berkstresser. Young testified he checked the glove box and the center console of the vehicle but did not see paperwork related to proof of insurance.

*Verdict and posttrial motions*

The jury convicted Berkstresser on two alternative charges of felony fleeing or attempting to elude a police officer under both K.S.A. 2017 Supp. 8-1568(b)(1)(E) and, in the alternative, K.S.A. 2017 Supp. 8-1568(b)(1)(C), as well as driving with a suspended license. The jury acquitted Berkstresser on the charge of no proof of insurance. Berkstresser filed a motion for judgment of acquittal and new trial, claiming the State presented insufficient evidence to prove him guilty beyond a reasonable doubt on counts one and two—fleeing or attempting to elude a police officer. Berkstresser

4

specifically argued the State proved only three moving violations instead of five and failed to prove reckless driving. Berkstresser also filed a motion to impose a departure sentence, claiming the harm was less than typical because the police chase occurred on county roads with little traffic and he obeyed some traffic laws during the course of the chase. Berkstresser also argued his criminal history score of B was because of aggravated battery convictions in 1998 and 2004, which were his most recent felonies until this case.

The district court denied Berkstresser's motion for judgment of acquittal and new trial and denied his motion for a durational departure. The district court sentenced him to 15 months' imprisonment for felony fleeing or attempting to elude an officer under the theory of reckless driving but did not sentence him for the alternative conviction of committing five or more moving violations as the two offenses merged. Berkstresser was also sentenced to six months in jail for driving with a suspended license, with that sentence to run concurrent with his prison sentence.

## ANALYSIS

*The district court erred in failing to instruct the jury on the lesser included offense.*

On appeal, Berkstresser raises multiple issues for why his fleeing conviction should be reversed:

- The district court erred in failing to instruct the jury on the lesser included misdemeanor offense for felony fleeing or attempting to elude on the theory of reckless driving;
- The record contains insufficient evidence of felony fleeing or attempting to elude on the theory of committing five or more moving violations;

5

- The district court erred by failing to include an essential element in the jury instructions that Berkstresser committed five or more moving violations during a police pursuit;
- The district court erred by failing to include an essential element in the jury instruction that the moving offense of failing to stop or yield when emerging from a private driveway requires the private driveway be in a residential district;
- Two of the moving violations were multiplicitous;
- The district court erred in failing to instruct the jury on the lesser included misdemeanor offense for felony fleeing or attempting to elude based on committing five or more moving violations;
- The prosecutor committed error by arguing outside the evidence during closing argument about the charge of felony fleeing or eluding by committing five or more moving violations; and
- Cumulative error.

Berkstresser asserts misdemeanor fleeing or eluding a police officer is a lesser included crime to felony fleeing or eluding based on reckless driving and the district court committed clear error by not instructing the jury on the lesser included crime. Berkstresser correctly argues the lesser included crime was both factually and legally appropriate. He asks this court to reverse his felony conviction for fleeing or attempting to elude and remand for a new trial with the jury instructions to include the lesser included instruction for the jury to consider.

The State responds the district court properly omitted the jury instruction because the lesser included crime of misdemeanor fleeing or attempting to elude was not factually appropriate. In the alternative, the State argues, even if the jury instruction for the lesser included offense were factually appropriate, any error was harmless.

*Preservation and standard of review*

Berkstresser admits he did not request an instruction for the lesser included offense of misdemeanor fleeing or attempting to elude under the theory of reckless driving. Berkstresser contends we can consider the issue for the first time on appeal, citing K.S.A. 2020 Supp. 22-3414(3) (district judge must instruct jury as to crime charged and, if evidence reasonably justifies, any lesser included offenses) and *State v. Breeden*, 297 Kan. 567, 572, 304 P.3d 660 (2013) (clearly erroneous to exclude legally and factually appropriate instruction on lesser included offense). The State agrees it is appropriate for us to address the issue for the first time on appeal and review the issue for clear error.

> "No party may assign as error the giving or failure to give an instruction, including a lesser included crime instruction, unless the party objects thereto before the jury retires to consider its verdict stating distinctly the matter to which the party objects and the grounds of the objection unless the instruction or the failure to give an instruction is clearly erroneous." K.S.A. 2020 Supp. 22-3414(3).

We review unpreserved instructional error claims for clear error. *State v. Tahah*, 302 Kan. 783, 793, 358 P.3d 819 (2015). To determine whether an instruction is clearly erroneous, we use a two-step analysis. Using an unlimited review of the record, we must first determine whether the subject instruction was legally and factually appropriate. If the subject instruction was legally and factually appropriate, we must then determine whether "'we are firmly "convinced that the jury would have reached a different verdict had the instruction error not occurred."'" *State v. Castleberry*, 301 Kan. 170, 180, 339 P.3d 795 (2014).

Because Berkstresser failed to request or object to the failure to include the lesser included instruction below, we must first determine if the jury instruction on the lesser included crime of misdemeanor fleeing or attempting to elude was legally and factually

7

appropriate. Here, the district court sua sponte acknowledged the instruction could be given but dismissed the need, finding it was not factually appropriate. If the instruction was appropriate, then we move to determining whether the jury would have reached a different verdict had the district court provided the instruction to the jury. Berkstresser bears the burden to establish it was clearly erroneous for the district court to omit the lesser included jury instruction and the degree of prejudice necessarily required for reversal. See 301 Kan. at 180.

*Legally appropriate*

Appellate courts "use an unlimited review to determine whether the instruction was legally appropriate." *State v. Johnson*, 304 Kan. 924, 931, 376 P.3d 70 (2016).

"(b) Upon prosecution for a crime, the defendant may be convicted of either the crime charged or a lesser included crime, but not both. A lesser included crime is:
(1) A lesser degree of the same crime . . . ;
(2) a crime where all elements of the lesser crime are identical to some of the elements of the crime charged." K.S.A. 2020 Supp. 21-5109(b)(1)-(2).

The felony crime of fleeing or attempting to elude a police officer on the basis of reckless driving stems from K.S.A. 2017 Supp. 8-1568(b) and (c), which provide:

"(b) Any driver of a motor vehicle who willfully fails or refuses to bring such driver's vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle to a stop, and who: (1) Commits any of the following during a police pursuit: . . . (C) engages in reckless driving as defined by K.S.A. 8-1566, and amendments thereto; . . .
(2) . . . shall be guilty as provided in subsection (c)(2).
"(c) . . .
. . . .
(2) Violation of subsection (b) is a severity level 9, person felony."

K.S.A. 8-1566(a) defines reckless driving as: "Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property."

The misdemeanor crime of fleeing or attempting to elude a police officer is defined by K.S.A. 2017 Supp. 8-1568(a)(2) and (c)(1), which provide:

"[a](2)Any driver of a motor vehicle who willfully otherwise flees or attempts to elude a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle to a stop, shall be guilty as provided by subsection (c)(1).

. . . .

"(c)(1) Violation of subsection (a), upon a:

(A) First conviction is a class B nonperson misdemeanor."

There are six ways misdemeanor fleeing or attempting to elude an officer can be elevated to a felony. See K.S.A. 2017 Supp. 8-1568(b). Engaging in reckless driving is one way for the misdemeanor crime to be elevated to the level of a felony offense. K.S.A. 2017 Supp. 8-1568(b)(1)(C); K.S.A. 2017 Supp. 8-1568(a)(2); *Castleberry*, 301 Kan. at 183. The Legislature intended to heighten the severity of the crime from a misdemeanor to a felony where the perpetrator drove a vehicle in a manner that endangered public safety while fleeing or attempting to elude a police officer. 301 Kan. at 184-85. The misdemeanor offense is a lesser included offense of felony fleeing or attempting to elude because it is a lesser degree of the same crime, and the elements of the misdemeanor offense are included in the felony offense. See K.S.A. 2017 Supp. 8-1568(a); K.S.A. 2017 Supp. 8-1568(b). A jury instruction on the lesser included offense of misdemeanor fleeing or attempting to elude a police officer was legally appropriate.

*Factually appropriate*

Viewing the evidence in the light most favorable to the defendant, we must next determine whether such instruction would have been factually appropriate. *State v.*

9

*Williams*, 303 Kan. 585, 598-99, 363 P.3d 1101 (2016). For a jury instruction on a lesser included crime to be factually appropriate, there must be some evidence in the record to reasonably support a conviction of the lesser included crime. *State v. Stafford*, 312 Kan. 577, 584, 477 P.3d 1027 (2020).

Berkstresser argues when evidence supports a jury instruction for felony fleeing or eluding, it surely supports an instruction for misdemeanor fleeing or eluding. The State responds there must be evidence in the record from which the jury could have reasonably concluded Berkstresser did not engage in reckless driving during the police pursuit. The State contends the evidence does not exist in the record. We do not agree with Berkstresser's argument that when the evidence supports a jury instruction for felony fleeing and eluding, by definition it also supports a jury instruction for misdemeanor fleeing or eluding. However, under these facts, when viewing the evidence in the light most favorable to Berkstresser, we find there was some evidence to support Berkstresser's claim the lesser included instruction on misdemeanor fleeing and eluding should have been given to the jury.

Berkstresser argues he mostly obeyed traffic laws by signaling his turns and stopping where required, except for his speed at the beginning of the pursuit. Berkstresser points out there was little traffic on the roadway and any traffic that was present yielded to the officer's lights and sirens, reducing the likelihood of danger.

Nowak's dashcam and bodycam videos speak for themselves. Nowak testified he was concerned for his own personal safety during the police pursuit, but evidence also showed Nowak maintained a calm demeanor and drove his patrol vehicle with one hand throughout the pursuit. The State emphasizes that Berkstresser exceeded the speed limit, failed to maintain a single lane of traffic, and drove through two residential yards. While the State is correct, Nowak's dashcam video also confirmed Berkstresser still stopped at stop signs and used his turn signal during the pursuit. The video appears to reflect

10

Berkstresser never lost control of the vehicle or had a near miss with any person or property.

A jury instruction on the lesser included misdemeanor offense was factually appropriate as reflected by the record—specifically Nowak's dashcam video. That is, a jury could have reasonably concluded Berkstresser did not drive with a wanton disregard for the safety of persons or property and convicted him of the misdemeanor offense had the district court provided such instruction.

*Clearly erroneous*

Berkstresser argues an instruction on the lesser included offense was both legally and factually appropriate and the district court erred by failing to provide the lesser included instruction to the jury. The State responds even if the evidence supported an instruction on the lesser included offense, Berkstresser failed to establish the jury would have convicted him of the misdemeanor offense.

If jury instruction error was not preserved in the district court, the reviewing court reverses only for clear error. To reverse, we must be firmly convinced the jury would have reached a different verdict had it been given the option. The burden to show clear error remains on Berkstresser. See *Castleberry*, 301 Kan. at 180.

The State's written explanation of events seems to overemphasize the magnitude of Berkstresser's actions. Nowak's dashcam video showed Berkstresser pass a few vehicles throughout the pursuit, but the roads were mostly free of traffic. The vehicles Berkstresser did pass yielded to the police lights and sirens. Berkstresser used turn signals and stopped at stop signs during the chase. A jury could have reasonably determined Berkstresser failed to yield to the officer but did not drive with a willful or wanton disregard for the safety of other persons or property as reflected in the dashcam video.

11

We find the district court's failure to instruct on the lesser included offense of misdemeanor fleeing or attempting to elude the police was clearly erroneous. We reverse and remand for a new trial.

Because we agree with Berkstresser's argument the jury should have been instructed on the lesser included offense, we decline to address his other claims of error.

Reversed and remanded with directions.